UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Acronis, Inc., Ltd. <br> & Acronis, Inc., <br>       Plaintiffs <br><br><br> Lucid8, LLC, <br>       Defendants | ) <br> ) <br> ) <br> )   No: 11-10772-DJC <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER AND COUNTERCLAIM

Defendant Lucid8, answering the Verified Complaint of the plaintiffs Acronis Inc. and Acronis, Inc. Ltd., (the "Complaint") responds as follows:

1. Defendant Lucid8 neither admits nor denies the allegations of ¶ 1 of the Complaint as it is not an allegation of fact but a characterization of the claims in the lawsuit. The claims are otherwise denied.

2. Defendant Lucid8 admits the allegations of ¶ 2 of the Complaint on information and belief.

3. Defendant Lucid8 admits the allegations of ¶ 3 of the Complaint on information and belief.

4. Defendant Lucid8 admits the allegations of ¶ 4 of the complaint on information and belief.

5. Defendant Lucid8 neither admits nor denies the allegations of ¶ 5 of the Complaint as it is not an allegation of fact but a conclusion of law. The defendant otherwise denies the allegations.

701264.1

6. Defendant Lucid8 neither admits nor denies the allegations of ¶ 6 of the Complaint as it is not an allegation of fact but a conclusion of law. The defendant otherwise denies the allegations.

7. Defendant Lucid8 denies the allegations of ¶ 7 of the Complaint.

8. Defendant Lucid8 admits the allegations of ¶ 8 of the Complaint on information and belief.

9. Defendant Lucid8 has insufficient knowledge and information to admit or deny the allegations of ¶ 9 of the Complaint. The defendant otherwise denies the allegations.

10. Defendant Lucid8 has insufficient knowledge and information to admit or deny the allegations of ¶ 10 of the Complaint. The defendant otherwise denies the allegations.

11. Defendant Lucid8 has insufficient knowledge and information to admit or deny the allegations of ¶ 11 of the Complaint. The defendant otherwise denies the allegations.

12. Defendant Lucid8 admits the allegations of ¶ 12 of the complaint.

13. Defendant Lucid8 denies the allegations of ¶ 13 of the complaint.

14. Defendant Lucid8 admits the allegations of the first sentence of ¶ 14 of the complaint, except that Lucid8 denies there was any "presentation." Lucid8 admits the allegations of the second sentence. Lucid8 denies the allegation in the third sentence that Lucid8 provided a general explanation of the functionality of the DigiScope product. Lucid8 denies the allegations of the fourth sentence.

701264.1

15. Defendant Lucid8 has insufficient knowledge and information to admit or deny the allegations of the first sentence of ¶ 15 of the Complaint. The defendant otherwise denies the same allegations. Defendant Lucid8 admits the allegations of the second and third sentences of ¶ 15 of the Complaint. Defendant Lucid8 denies the allegations of the fourth sentence of ¶ 15 of the complaint.

16. Defendant Lucid8 admits the allegations of ¶ 16 of the complaint.

17. Defendant Lucid8 admits the allegations of the first sentence of ¶ 17 of the complaint. Defendant Lucid8 neither admits nor denies the allegations of the balance of ¶ 17 of the complaint, except that Lucid8 denies it "abruptly" terminated business discussions, as the document speaks for itself. The defendant otherwise denies the same allegations.

18. Defendant Lucid8 denies the allegations of ¶ 18 of the complaint.

19. Defendant Lucid8 denies the allegations of ¶ 19 of the complaint.

20. Defendant Lucid8 denies the allegations of ¶ 20 of the complaint.

21. Defendant Lucid8 denies the allegations of ¶ 21 of the complaint.

22. Defendant Lucid8 admits the allegations of the first and second sentences of ¶22 of the complaint. Defendant Lucid8 has insufficient knowledge and information to admit or deny the allegations of the third and fourth sentences of ¶ 22 of the Complaint. The defendant otherwise denies the same allegations. Defendant Lucid8 neither admits nor denies the allegations of the balance of ¶ 22 of the complaint as the document speaks for itself. The defendant otherwise denies the same allegations.

23. Defendant Lucid8 denies the allegations of ¶ 23 of the complaint.

## Causes of Action

## COUNT I – DECLARATORY JUDGMENT

24. Lucid8 incorporates by reference its responses to ¶¶ 1-23.

25. Defendant Lucid8 denies the allegations of ¶ 25 of the complaint.

26. Defendant Lucid8 denies the allegations of ¶ 26 of the complaint.

27. Defendant Lucid8 denies the allegations of ¶ 27 of the complaint.

## COUNT II – UNFAIR COMPETITION AND TRADE PRACTICES IN VIOLATION OF Mass. G.L. CH. 93A, §§ 2, 11

28. Lucid8 incorporates by reference its responses to ¶¶ 1-27.

29. Defendant Lucid8 denies the allegations of ¶ 29 of the complaint.

30. Defendant Lucid8 denies the allegations of ¶ 30 of the complaint.

31. Defendant Lucid8 denies the allegations of ¶ 31 of the complaint.

32. Defendant Lucid8 denies the allegations of ¶ 32 of the complaint.

33. Defendant Lucid8 denies the allegations of ¶ 33 of the complaint.

34. Defendant Lucid8 denies the allegations of ¶ 34 of the complaint.

35. Defendant Lucid8 denies the allegations of ¶ 35 of the complaint.

## COUNT III – DEFAMATION

36. Defendant Lucid8 incorporates by reference its responses to ¶¶ 1-35.

37. Defendant Lucid8 denies the allegations of ¶ 37 of the complaint.

38. Defendant Lucid8 denies the allegations of ¶ 38 of the complaint.

39. Defendant Lucid8 denies the allegations of ¶ 39 of the complaint.

40. Defendant Lucid8 denies the allegations of ¶ 40 of the complaint.

41. Defendant Lucid8 denies the allegations of ¶ 41 of the complaint.

701264.1

WHEREFORE, Defendant demands that the Court enter judgment dismissing the complaint or in favor of defendant together with the costs and expenses of this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

The Court does not have personal jurisdiction over the defendant, thus the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

### THIRD AFFIRMATIVE DEFENSE

The Court does not properly have jurisdiction of the subject matter of the plaintiffs' complaint, thus the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

### FOURTH AFFIRMATIVE DEFENSE

There was insufficient process.

### FIFTH AFFIRMATIVE DEFENSE

There was insufficient service of process.

### SIXTH AFFIRMATIVE DEFENSE

The action is untimely.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs have suffered no injury or loss.

### EIGHTH AFFIRMATIVE DEFENSE

The defendant caused the plaintiffs no injury or loss.

### NINTH AFFIRMATIVE DEFENSE

701264.1

The plaintiffs failed to mitigate their damages.

### TENTH AFFIRMATIVE DEFENSE

The plaintiffs are not entitled to injunctive relief.

### ELEVENTH AFFIRMATIVE DEFENSE

The plaintiffs have unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

The alleged defamatory statements are not actionable.

### THIRTEENTH AFFIRMATIVE DEFENSE

The alleged defamatory statements were not published to a third party.

### FOURTEENTH AFFIRMATIVE DEFENSE

The alleged defamatory statements were privileged.

### FIFTENTH AFFIRMATIVE DEFENSE

The alleged defamatory statements were true.

### SIXTEENTH AFFIRMATIVE DEFENSE

There is no basis for any award of punitive damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

There is no basis for any award of attorney's fees.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The plaintiffs are engaging in unfair competition by bringing this lawsuit.

### NINTEENTH AFFIRMATIVE DEFENSE

There was no violation of G.L. c. 93A by the defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

The actions and transactions constituting the alleged unfair competition or unfair and deceptive trade practice did not occur primarily and substantially in the Commonwealth.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant was not enriched by the plaintiffs.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The defendant was justified in its actions

WHEREFORE, Defendant demands that the Court enter judgment dismissing the complaint or in favor of defendant together with the costs and expenses of this action.

### JURY DEMAND

The defendant demands a trial by jury on any and all claims so triable.

### COUNTERCLAIM

### NATURE OF THE ACTION

1. Defendant Lucid8, LLC ("Lucid8"), pursuant to Rule 13 of the Federal Rules of Civil Procedure, herewith states its counterclaims against Plaintiffs Acronis, Inc., Ltd. and Acronis Inc. (collectively referred to in this counterclaim as "Acronis").

2. Lucid8 counterclaims against Acronis for misappropriation of trade secrets, breach of contract, breach of the covenant of good faith and fair dealing, and unfair and deceptive trade practices, as set forth in greater detail below.

## PARTIES AND JURISDICTION

3. Lucid8 is informed and believes, and thereon alleges, that Plaintiff Acronis, Inc., Ltd. is a corporation organized and existing under the laws of Bermuda and having a place of business at 300 Trade Center, Woburn, Massachusetts 01801.

4. Lucid8 is informed and believes, and thereon alleges, that Plaintiff Acronis Inc. is a Delaware corporation having its principal place of business at 300 Trade Center, Woburn, Massachusetts 01801, and further that Acronis Inc. is a wholly owned subsidiary of Acronis, Inc., Ltd.

5. Lucid8 is a Washington limited liability company having a principal place of business at 1417 116th Avenue N.E., Suite 202, Bellevue, Washington 98004.

6. This Court has personal jurisdiction over each of the Acronis entities in that each of those entities have a place of business within this district, and each of them has waived any objection to personal jurisdiction by virtue of their filing of the Complaint against Lucid8.

7. Venue is proper within the District of Massachusetts pursuant to 28 U.S.C. §§1391(c) and (d).

8. With respect to subject matter jurisdiction, Lucid8 specifically denies the existence of subject matter jurisdiction, as to the subject matter of Acronis' declaratory judgment claim, for want of justifiable controversy, and denies that the Court has subject matter jurisdiction as to any Lucid8 counterclaims arising from the same set of operative facts. However, because the Court has denied Lucid8's motion to dismiss for lack of subject matter jurisdiction (Memorandum and Order, Document 25, filed 10/26/11), Lucid8's potential causes of action constitute compulsory counterclaims within the scope of Rule 13(a), Federal Rules of Civil Procedure. Lucid8's counterclaims, based on

those operative facts, are therefore filed without prejudice to Lucid8's continuing denial of subject matter jurisdiction.

## FACTUAL ALLEGATIONS

9. Lucid8 is a provider of automated disaster prevention, data protection and recovery software for Microsoft Exchange Database and Public Information Stores. Lucid8's products include DigiScope, an application that allows a user to search, export, or recover Exchange mailboxes, folders, and individual items. In particular, DigiScope offers a highly functional granular recovery capability, as to items stored in an Exchange Database.

10. In March 2010, an Acronis employee downloaded a trial copy of Lucid8's DigiScope product via Lucid8's website, accepted the End User License Agreement ("EULA") and installed the software on an Acronis-owned computer.

11. Shortly thereafter, a Lucid8 employee initiated e-mail contact with Acronis, to inquire about the Acronis download. An Acronis employee responded via email, stating that Acronis was looking into a means of providing granular recovery capability for its "Acronis Recovery for Microsoft Exchange" product, which Acronis denominates "ARX." On that response email, the Acronis employee copied one Ismail Azeri. Mr. Azeri was at that time unknown to Lucid8.

12. Thereafter, Acronis' CEO, Jason Donahue, spoke by telephone with Lucid8's CEO to discuss the possibility of Acronis licensing or buying all or a portion of Lucid8's granular recovery capability for inclusion in the Acronis ARX product. In the course of that telephone conference, Mr. Donahue advised Lucid8's CEO that Ismail Azeri was Acronis' Vice President of Business Development. Mr. Donahue also identified Mr. Azeri as the leader of Acronis' evaluation of and efforts to acquire granular recovery functionality.

13. Thereafter Mr. Azeri contacted Lucid8 for the purpose of negotiating a nondisclosure agreement ("NDA"). Mr. Azeri sent Lucid8 a proposed NDA; after modification, the NDA was executed by representatives of both Acronis and Lucid8. The executed NDA is Exhibit A to the Acronis Complaint.

14. Lucid8 agreed to execute the NDA forwarded to it by Acronis for the purpose of protecting the confidential information that Lucid8 was asked to release to Acronis, to enable Acronis to evaluate Lucid8's DigiScope product, in order to determine the suitability of buying or licensing Lucid8's technology.

15. Because Acronis specified a need to support Microsoft Exchange 2010, following execution of the NDA Lucid8 provided Acronis with an advance copy of the as yet unreleased DigiScope 3.0, which included support for Exchange 2010.

16. Under the terms of the NDA, Acronis was obligated "not to reverse engineer, decompile, disassemble or otherwise attempt to derive software source code," and Acronis further covenanted that any confidential information Lucid8 released to Acronis would be used by Acronis only for the purpose of "evaluat[ing] the desirability of establishing a business relationship with" Lucid8.

17. Further, by the terms of the NDA, Acronis covenanted that it would not disclose confidential information it received from Lucid8 except to "persons within its organization with a need to know such confidential information in the course of performance of their duties, and who are bound by confidentiality obligations at least as restrictive as those set forth" in the NDA.

18. In good faith reliance upon Acronis' agreements, covenants, and warranties set forth within the NDA, and supposedly to enable Acronis to decide whether to buy or license DigiScope, Lucid8 provided to Acronis certain

701264.1

confidential information, including information regarding the development and function of its granular recovery capabilities in the DigiScope product.

19. In order to induce Lucid8 to share confidential information with Acronis, Acronis represented to Lucid8 that Acronis intended to buy or license granular recovery capabilities from an outside source such as Lucid8. Mr. Azeri explicitly stated to Lucid8's CEO that Acronis intended to buy or license the technology, and Acronis did not intend to build the capability in-house.

20. Lucid8 is informed and believes, and thereon alleges, that at the time Acronis initially began evaluating Lucid8's DigiScope functionality, Acronis had already attempted to itself develop, in-house, granular recovery functionality without success. Lucid8 further alleges, on information and belief, that contrary to the express representations made by Mr. Azeri that Acronis did not have and did not intend to build its own granular recovery feature, Acronis was still actively attempting to develop that feature during the time of Acronis' negotiations with Lucid8.

21. Throughout Acronis' negotiations with Lucid8, Acronis concealed and failed to disclose to Lucid8 that Acronis had earlier attempted to, and continued its efforts to, develop a granular recovery feature in-house.

22. On April 14, 2010, Mr. Azeri contacted Lucid8 to request that Lucid8 meet with two Acronis employees who were in Washington State. Mr. Azeri requested that the meeting take place the following day, because the Acronis employees were traveling to Russia for about two weeks, and they needed information from Lucid8 before making that trip. In the same conversation, Mr. Azeri began to negotiate specific licensing terms, consistent with his representations that Acronis intended to buy or license the granular recovery functionality. Again, however, in this telephone conference as well as a further conference the following day, Mr. Azeri failed to disclose that Acronis had

11

previously tried unsuccessfully, and was still actively attempting to develop such functionality in-house.

23. Thus, on April 15, 2010, the two Acronis employees visited Lucid8's offices in Bellevue, Washington for a face-to-face meeting. The Acronis employees posed numerous questions regarding the specific function of the DigiScope product and its granular recovery features, and asked for detailed information about how DigiScope was developed and how Lucid8 overcame specific roadblocks to a granular recovery solution. In the course of responding to these questions, Lucid8 revealed to the Acronis employees information concerning the Lucid8 DigiScope product, including its granular recovery functionality, that constituted confidential information.

24. At the very end of the April 15, 2010 meeting, the Acronis employees inadvertently revealed for the first time that Acronis had a project in active development, but that it was not working. One of the Acronis employees, commenting on what he had just learned about Lucid8's technology, said "that's what we've been doing wrong," or similar words. When Lucid8's CEO asked what he meant by those words, the Acronis employee admitted that Acronis had long been trying to develop a working granular recovery capability in-house.

25. Therefore, Lucid8 is informed and believes, and thereon alleges, that the two Acronis employees were aware of Acronis' past efforts and ongoing in-house granular recovery development program, and had active participation in that program, but concealed or failed to disclose those facts to Lucid8 until they mistakenly did so at the end of the meeting. Once the true nature of Acronis' activities was revealed, Lucid8's CEO ended the meeting, refused to provide any further confidential information, and expressed shock and anger at Acronis' misrepresentations.

26. The representations, made by Mr. Azeri to Lucid8's CEO, that Acronis intended to license or buy granular recovery technology, and that Acronis did not intend to develop that technology in-house, were false.

27. Mr. Azeri's false representations were material. In agreeing to provide confidential information to the Acronis employees, Lucid8 relied on the truth of Mr. Azeri's representations, which representations were in fact untrue. If Acronis had not concealed and instead had disclosed to Lucid8 the nature of Acronis' past and then-current efforts to develop granular recovery in-house, Lucid8 would not have provided the confidential information that the Acronis employees received.

28. The information Lucid8 provided to Acronis had substantial economic value by virtue of its confidential nature, and constituted trade secret information under the laws of the Commonwealth of Massachusetts, the State of Washington, and other relevant jurisdictions.

29. Lucid8 is informed and believes, and thereon alleges, that Acronis attempted to reverse engineer, decompile, disassemble, or otherwise attempted to derive the DigiScope software source code, in violation of Acronis' obligations under the NDA, and otherwise violated the terms of the NDA.

30. In association with its installation and use of the existing version and advance version 3.0 of Lucid8's DigiScope product, Acronis agreed to the obligations set forth in the DigiScope EULA.

31. Pursuant to the terms of the DigiScope EULA, Acronis was bound by obligations of nondisclosure, and was not permitted to "translate, reverse program, disassemble, decompile, or otherwise reverse engineer" the DigiScope software, in addition to other obligations imposed on Acronis by the EULA.

32. Lucid8 is informed and believes, and thereon alleges, that Acronis violated the terms of both the NDA and the EULA.

701264.1

## COUNTERCLAIM COUNT I – MISAPPROPRIATION OF TRADE SECRETS

33. Lucid8 incorporates by reference the allegations contained in paragraphs 1-32 of this counterclaim.

34. Acronis unlawfully obtained Lucid8's trade secrets with the intent to convert those trade secrets to Acronis' own use, or otherwise misappropriate them for a wrongful and unlawful purpose. Acronis is therefore liable to Lucid8 for damages arising from the misappropriation of trade secrets, pursuant to M.G.L. ch.93, §42, and pursuant to RCW 19.108.010, *et seq*, and at common law.

35. Lucid8 has sustained monetary damages by virtue of Acronis' misappropriation of trade secrets, and Lucid8 has also suffered irreparable harm, including the loss of competitive advantage, for which it has no adequate remedy at law. Lucid8 is therefore entitled to damages and adequate injunctive relief restraining and enjoining Acronis from further use or advantage of Lucid8's trade secrets.

## COUNTERCLAIM COUNT II – BREACH OF CONTRACT: NDA

36. Lucid8 repeats and incorporates by reference the allegations contained in paragraphs 1-35 of this counterclaim.

37. The actions of Acronis as set forth herein constitute a material breach of Acronis' obligations under the NDA.

38. Lucid8 has complied in all material respects with its obligations under the NDA.

39. Lucid8 has provided notice to Acronis of its breach, and Acronis has failed to remedy the breach.

40. As a direct and proximate result of Acronis' breach of the NDA, Lucid8 has incurred damages, and has incurred irreparable harm for which Lucid8

701264.1

has no adequate remedy at law, justifying a damage award and injunctive or other equitable relief.

## COUNTERCLAIM COUNT III – BREACH OF CONTRACT: EULA

41. Lucid8 incorporates by reference the allegations contained in paragraphs 1-40 of this counterclaim.

42. Acronis has materially breached its obligations under the end user license agreement.

43. As a direct and proximate result of Acronis' material breach, Lucid8 has incurred monetary damages and has incurred irreparable harm for which it has no adequate remedy at law, entitling Lucid8 to a damage award and injunctive or other equitable relief.

## COUNTERCLAIM COUNT IV – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

44. Lucid8 incorporates by reference the allegations contained in paragraphs 1-43 of this counterclaim.

45. The NDA between the parties provided that it would be interpreted according to Massachusetts law, and therefore contained an implied covenant of good faith and fair dealing under the laws of the Commonwealth of Massachusetts.

46. The EULA provided that it would be interpreted according to Washington law, and therefore contained an implied covenant of good faith and fair dealing under the laws of the State of Washington.

47. Those covenants required Acronis to refrain from any act that would have the effect of injuring Lucid8's rights to receive the benefit of the NDA, and the EULA.

48. Through its actions herein, including breach of contract, misappropriation of trade secrets, and unfair and deceptive trade practices, Acronis has breached the covenant of good faith and fair dealing implied in the NDA, and the EULA.

49. As a direct and proximate result of Acronis' breach, Lucid8 has incurred monetary damage and suffered irreparable harm for which it has no adequate remedy at law, whereby Lucid8 is entitled to a damage award and injunctive or other equitable relief.

### COUNTERCLAIM COUNT V – UNFAIR AND DECEPTIVE TRADE PRACTICES

50. Lucid8 incorporates by reference the allegations contained in paragraphs 1-49 of this counterclaim.

51. Acronis is engaged in trade or business.

52. The actions of Acronis alleged herein, including breach of contract and misappropriation of trade secrets, constitutes unfair and deceptive trade practices within the meaning of M.G.L. ch. 93(a), §1, *et seq.*, and within the meaning of RCW 19.86.010 *et seq.*

53. Lucid8 is entitled to an award of compensatory damages, and enhanced and exemplary damages, for Acronis unfair and deceptive acts and practices.

54. Pursuant to M.G.L. ch. 93(a), Lucid8 is further entitled to equitable relief, including adequate injunctive relief, as well as its attorneys' fees, interest, and costs.

55. Pursuant to RCW Chapter 19.86, Lucid8 is entitled to injunctive relief and other relief.

### PRAYER FOR RELIEF ON COUNTERCLAIM

WHEREFORE, Lucid8 prays that the Court enter judgment in its favor and award it the following relief:

A. A declaration that Acronis has misappropriated Lucid8's trade secrets in violation of M.G.L. ch.93, §42 and RCW 19.108.010 *et seq.*;

B. A declaration that Acronis has breached the terms of its NDA with Lucid8, has breached the terms of the EULA with Lucid8, and has breached the covenant of good faith and fair dealing implied as a matter of law with respect to both the NDA, and the EULA;

C. A declaration that Acronis has engaged in unfair and deceptive trade practices within the meaning of M.G.L. ch.93(a), §1, *et seq.*, and RCW 19.86.010 *et seq.*;

D. An award of damages adequate to compensate Lucid8 for Acronis' misappropriation of trade secrets, breach of contract, and unfair and deceptive trade practices; an injunction pursuant to M.G.L. ch.93, §42(A), M.G.L. ch.93(a), §11, and RCW 19.108.020, enjoining and prohibiting Acronis from using Lucid8's confidential information in violation of the NDA and the EULA; distributing or disseminating software or other products which are based upon, derived from, or contain Lucid8's confidential information; and accounting to Lucid8 for any profits or revenues associated with the misappropriation of Lucid8's confidential information;

E. An award of prejudgment interest as well as costs, expert witness fees, reasonable attorneys' fees and expenses; and

F. Such other and further relief as this Court deems just and equitable under the circumstances.

## JURY DEMAND

The defendant/plaintiff-in-counterclaim demands a trial by jury on any and all claims so triable.

701264.1

Respectfully submitted,

By:/s/ Harry A. Pierce, BBO 299375
    Robert A. Gaynor, BBO 187620
    Sloane And Walsh, LLP
    Three Center Plaza
    Boston, MA 02108
    617-523-6010
    hpierce@sloanewalsh.com

By:/s/ Robert J. Carlson
    Christensen, O'Connor, Johnson,
     Kindness, PLLC
    1420 Fifth Avenue, Suite 2800
    Seattle, WA 98101-2347
    206-695-1723
    Carlson@cojk.com

DATED: November 10, 2011

## CERTIFICATE OF SERVICE

I, Harry A. Pierce, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 10, 2011.

William G. Cosmas, Esquire
Sally & Fitch LLP
One Beacon Street
Boston, MA 02108
peb@sally-fitch.com

Jeffrey D. Wilson, Esquire
Devaney Jacob Wilson, PLLC
Suite 624
3001 West Big Beaver Road
Troy, MI 48084
jeff@djwlawfirm.com

701264.1

Michael M. Jacob, Esquire
Devaney Jacob Wilson, PLLC
Suite 624
3001 West Big Beaver Road
Troy, MI 48084
Michael@djwlawfirm.com

/s/ Harry A. Pierce, BBO 299375